UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

RFG PETRO SYSTEMS, LLC, a Florida
limited liability company,

      Plaintiff,

v.                                          Case No.: 2:20-cv-00656-JLB-MRM

JONATHAN R. MARTIN, an individual,
PLASTICS CONSULTING, LLC, a Texas
limited liability company, and BLACK
MAMBA ROD LIFT LLC, a Texas limited
liability company,

      Defendant.
_____/

## ORDER

      This cause comes before the Court sua sponte upon review of the Notice of Removal filed by Defendants Jonathan R. Martin and Black Mamba Rod Lift LLC ("Mamba"). (Doc. 1.). The Notice of Removal provides that the parties are completely diverse because: (1) Plaintiff RFG Petro Systems, LLC ('RFG"), is "located in Sarasota, Florida"; (2) Mr. Martin "was and is a resident of Oklahoma"; and (3) Mamba "is located in Texas." (*Id.* at 2.) The Court requires more information before it can determine whether subject matter jurisdiction exists.

      District courts must "inquire into subject matter jurisdiction sua sponte whenever it may be lacking." *Univ. of S. Ala. v. Am. Tobacco Co.*, 168 F.3d 405, 410 (11th Cir. 1999). Subject matter jurisdiction exists if the citizenship of the parties is completely diverse and the amount in controversy exceeds $75,000.00. *See* 28 U.S.C. § 1332. Complete diversity requires that the citizenship of every plaintiff be diverse

from the citizenship of each defendant. *Lincoln Prop. Co. v. Roche*, 546 U.S. 81, 89 (2005). "[D]iversity jurisdiction is determined . . . at the time of removal." *PTA-FLA, Inc. v. ZTE USA, Inc.*, 844 F.3d 1299, 1306 (11th Cir. 2016). "[A] removing defendant bears the burden of proving federal jurisdiction." *Lowery v. Ala. Power Co.*, 483 F.3d 1184, 1211 (11th Cir. 2007).

"[A] limited liability company is a citizen of any state of which a member of the company is a citizen." *Rolling Greens MHP, L.P. v. Comcast SCH Holdings*, 374 F.3d 1020, 1022 (11th Cir. 2004). If members of an unincorporated association—like an LLC—are themselves unincorporated associations, then the citizenship of those members must be traced through all their respective partners or members, however many layers there might be. *Purchasing Power, LLC v. Bluestem Brands, Inc.,* 851 F.3d 1218, 1220 (11th Cir. 2017). This is distinct from the citizenship of corporate entities. *See MacGinnitie v. Hobbs Grp., LLC*, 420 F.3d 1234, 1239 (11th Cir. 2005) ("[A] corporation is a citizen of both the state where it is incorporated and the state where it has its principal place of business." (citing 28 U.S.C. § 1332(c))).

The allegations in the Notice of Removal are insufficient for this Court to determine the citizenship of any of the parties at the time of removal. According to the Notice of Removal, RFG is "located in Sarasota, Florida." (Doc. 1 at 2.) There is nothing in the Notice of Removal or its attachments regarding RFG's members; RFG's "location" is irrelevant to its citizenship.

Next, the Notice of Removal contains no information regarding the citizenship of Defendant Plastics Consulting, LLC ("Plastics"). Based on the attachments to the

state-court complaint, it appears Plastics had two members as of January 7, 2020: Mr. Martin, who is a "resident" of Oklahoma, and his wife, Victoria K. Martin. (Doc. 1-3, Ex. I.) It is unclear whether Mr. and Mrs. Martin remained Plastics' sole members on the date of removal. *PTA-FLA, Inc.*, 844 F.3d at 1306. Moreover, Mr. Martin's "residence" is not equivalent to "citizenship" for purposes of jurisdiction. *See generally Travaglio v. Am. Exp. Co.*, 735 F.3d 1266, 1269 (11th Cir. 2013) (explaining that citizenship is equivalent to domicile, which requires both residence and intention to remain indefinitely). Mrs. Martin's citizenship is not discussed at all.

Finally, the Notice of Removal alleges that Mamba is "located in Texas." (Doc. 1 at 2.) Again, this fact is irrelevant to Mamba's citizenship. The state-court complaint provides that Mamba's two "managers" are Mr. Martin and Jeff McDougall. (Doc. 1-8.) Mr. McDougall's citizenship is unclear and, as already explained, Ms. Martin's "residence" in Oklahoma is insufficient. Moreover, the fact that Mr. Martin and Mr. McDougall are Mamba's only "managers" does not mean they are its only members. The Court needs to know the citizenship of **all of Mamba's members**, not just the managing members. *Rolling Greens MHP, L.P.*, 374 F.3d at 1022. Other people besides Mr. Martin and Mr. McDougall were apparently involved in Mamba's formation. (Doc. 1-3 at ¶15.) It is unclear whether they are members.

Therefore, it is **ORDERED**:

1. No later **than September 16, 2020**, Mr. Martin and Mamba are **DIRECTED** to file a supplemental memorandum addressing the deficiencies identified in this Order.

2. Absent compliance with this Order, the case will be remanded to state court without further notice.

**ORDERED** in Fort Myers, Florida, September 2, 2020.

*[signature]*

JOHN L. BADALAMENTI
UNITED STATES DISTRICT JUDGE