MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

RFG PETRO SYSTEMS, LLC, a Florida
limited liability company,

      Plaintiff,

v.                                                         Case No.: 2:20-cv-00656-JLB-MRM

JONATHAN R. MARTIN, an individual,
PLASTICS CONSULTING, LLC, a Texas
limited liability company, and BLACK
MAMBA ROD LIFT LLC, a Texas limited
liability company,

      Defendant.
_____/

# ORDER

Plaintiff RFG Petro Systems, LLC ("RFG") filed a complaint in state court alleging that Defendants Jonathan Martin, Plastics Consulting, LLC ("Plastics"), and Mamba Rod Lift, LLC ("Mamba"), misappropriated RFG's proprietary technology in breach of a noncompete agreement between RFG and Plastics. (Doc. 3.) Martin and Mamba removed based on diversity jurisdiction. (Doc. 1.)

After sua sponte examining the notice of removal, this Court directed Martin and Mamba to provide more information on the parties' citizenship, according to the Eleventh Circuit's opinion in Rolling Greens MHP, L.P. v. Comcast SCH Holdings, 374 F.3d 1020 (11th Cir. 2004). Nine days later, RFG filed a motion for remand, alleging that it was impossible for complete diversity to exist because Plastics was a member of RFG, meaning that RFG was necessarily a citizen of every state in which Plastics was a citizen. (Doc. 14); Rolling Greens MHP, L.P., 374 F.3d at 1022.

Attached to the remand motion was an affidavit executed by the president of RFG, who confirmed that Plastics was a member of RFG, and that he believed Martin to be a member of Plastics. (Doc. 14-1.) RFG also requested that Martin and Plastics pay the attorneys' fees and costs associated with removal under 28 U.S.C. § 1447(c) because the removal was objectively unreasonable. (Doc. 14 at 5–6.)

The parties now file a Joint Stipulation to Remand, in which they agree that the case should be remanded but say nothing further. (Doc. 19 at 1.) After reviewing the Joint Stipulation, the notice of removal, and the motion for remand, the Court agrees that this case must be remanded to state court. The Court also agrees that an award of attorneys' fees is appropriate in this action.

"An order remanding the case may require payment of just costs and any actual expenses, including attorney fees, incurred as a result of the removal." 28 U.S.C. § 1447(c). "Absent unusual circumstances, courts may award attorney's fees under [section] 1447(c) only where the removing party lacked an objectively reasonable basis for seeking removal. Conversely, when an objectively reasonable basis exists, fees should be denied." Martin v. Franklin Capital Corp., 546 U.S. 132, 141 (2005). There is no strong presumption for or against an award under section 1447(c). *Id.* at 138–39. Based on the parties' representations set forth in their notice of removal and motion to remand, the Court finds that there was no objective basis for removal in this case. Plastics was a member of RFG, and it is inconceivable that Mr. Martin and Mamba did not know this fact because Mr. Martin appears to have been a member of (or had a managerial position in) both

Plastics and Mamba.  (Doc 1-3, Ex. I; Doc. 1-8; Doc. 14-1; Doc. 14-2.)  Given this information, there was no objective basis to believe that diversity jurisdiction existed based on the rule for determining an LLC's citizenship in *Rolling Greens* (which has been the law in the Eleventh Circuit for over sixteen years).

      Accordingly, it is **ORDERED**:

      1.     This case is **REMANDED** to the Twentieth Judicial Circuit in and for Collier County, Florida.  The remaining pending motions, (Docs. 11–13), shall be carried with the remanded case for the state court's consideration.

      2.     The Clerk is **DIRECTED** to send a certified copy of this Order to the Clerk of Court for the Twentieth Judicial Circuit in and for Collier County, Florida.

      3.     RFG's request for an award of attorney's fees and costs against Martin and Mamba is **GRANTED.**  The Court retains jurisdiction solely to determine the amount of fees and costs to be awarded to RFG under 28 U.S.C. § 1447(c).

      4.     **The parties are strongly encouraged to confer and agree upon a reasonable amount of attorneys' fees and costs.**  If the parties reach an agreement, they may jointly submit a stipulated amount of attorneys' fees and costs to this Court **on or before September 25, 2020**, for this Court's approval.

      5.     **If the parties are unable to agree upon a reasonable amount of attorneys' fees and costs,** RFG shall, **on or before September 25, 2020**, file a memorandum establishing the amount of attorneys' fees and costs to which it is entitled.  If Martin and Mamba contest the amount derived by RFG, they may file a response within fourteen days of the filing of RFG's memorandum.

6.     The Clerk is **DIRECTED** to close this case.

**ORDERED** in Fort Myers, Florida, on September 16, 2020.

*John L. Badalamenti*

JOHN L. BADALAMENTI
UNITED STATES DISTRICT JUDGE

4